**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
In Re:                                                                                  CASE NO.:  10-77477 (AST)
**Kevin Ho**                                                                   **Chapter 7**
                                                                                              **Adv. Pro.:**

          **Debtors.**
---------------------------------------------------------------X
**Kevin Ho,**

          **Plaintiff,**                                                  **COMPLAINT**

          **-against-**

**JPMorgan Chase Bank, N.A. and Chase Home**
**Finance, LLC**

          **Defendants.**
---------------------------------------------------------------X

Plaintiff, Kevin Ho, debtor herein by his attorney, Aronow Law, PC, as and for his complaint against the Defendant to determine discharge violations, respectfully states as follows:

## NATURE OF THE ACTION

1. This is an adversarial proceeding brought on behalf of the Debtor who seek actual damages, statutory damages, punitive damages and legal fees and expenses for the Defendant's improper and illegal actions and conduct in violation of the Discharge Injunction (11 U.S.C. §524) due to the Defendants' improperly continuing to report a debt despite the Plaintiff's bankruptcy.

## JURISDICTION

2. This Honorable Court has jurisdiction of this adversarial proceeding pursuant to 28 U.S.C. §§157; 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1409 and 1927.  The statutory predicate for this proceeding is 11 U.S.C. § 524 of the Bankruptcy Code and 15 U.S.C. §1681.  This action is a core proceeding pursuant to 28 U.S.C. §

157 (b) (2) (I). This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

## PARTIES

3. The Plaintiff is a natural person residing in the Suffolk County, State of New York, and was also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code.

4. The Plaintiff is a "debtor" as that term is defined under the applicable Federal and State statutes.

5. The Defendants, JPMorgan Chase Bank, NA. (hereinafter "JP Morgan") and Chase Home Finance, LLC (hereinafter "Chase") (collectively referred to as "Defendants") are mortgage lenders.

6. Chase Home Finance LLC has an address at 451 Florida Street, 3rd floor, Baton Rouge, LA 70826 as well as an address for notices at 3415 Vision Drive, Columbus, OH 43219 and both JP Morgan Chase Bank, N.A. and Chase Finance LLC that upon information and belief was merged into JP Morgan Chase Bank, N.A. in 2011 are headquartered at 270 Park Avenue, New York, NY 10017.

7. James "Jamie" Dimon is the Chairman of the Board, Chief Executive Officer and President of JP Morgan Chase Bank, N.A. and by virtue of the 2011 merger, also of Chase Home Finance, LLP.

## FACTS

8. The Plaintiff filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code on September 22, 2010 which was closed and discharged by the Court on June 21, 2012

under docket #40. An order was signed to reopen the case on May 31, 2018 to pursue the alleged violations and damages. **See Exhibit "D"**

9. Chase was given notice of the original bankruptcy filing as evidenced by the Certificate of Notice docketed under #7. A Notice of Motion to Re-open was served by certified mail, return receipt requested in accordance with Bankruptcy Code 7004 (h) addressed to 451 Florida Street, 3rd floor, Baton Rouge, LA 70826, 3415 Vision Drive, Columbus, OH 43219 and 270 Park Avenue, New York, NY 10017 the aforementioned addresses being the proper addresses for which it did not appear or object. The debtors properly filed Chapter 7 bankruptcy and were discharged of all liabilities and obligations to pay those debts. The creditors were given proper notice during the bankruptcy.

10. The Discharge Order provided in pertinent part that "The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged." "A creditor who violates this order can be required to pay damages and attorney's fees to the debtor" and that "The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged". This discharge extended to and included the debt owed to the Defendants.

11. Pursuant to 11 U.S.C. §524(a)(2): "A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor,"

12. Despite the notices of the bankruptcy filing and of the discharge order, the defendants are still actively seeking to collect a pre-petition, discharged debt from the debtor by

continuing to and re-reporting the debt as an active debt on their credit report despite having been discharged in bankruptcy.

13. Defendant's failure to update the credit report or to re-report a pre-petition debt that has been discharged is a violation of the discharge injunction and it has been repeatedly held that it is a means of collecting a debt because debtors often feel compelled to pay debts listed in their credit reports, especially when entering into large transactions such as home purchases.

14. The debtor who believed he was getting a "fresh start" when he filed for bankruptcy protection almost eight (8) years ago, has been slowly rebuilding his life in an attempt to reestablish credit and has been frustrated by the Defendants willful and contumacious reporting of a debt that is no longer owed.

15. The debtor has been denied credit due to the egregious and malicious acts by the defendants because his credit reports reflect a discharged debt as a current debt on his credit report.

16.  The debtor was also sent demands for payment; and felt so compelled by the credit reporting and repeated collection letters that he erroneously made payment to a discharged debt, despite the debt being discharged. **See Exhibit "A"**.

17. The defendants have also been making "impermissible pulls"[1] of his credit report, in violation of the discharge injunction on the following dates which initially was "pulled"

---

[1] "Impermissible Pulls" means hard inquiries into the Plaintiff's current credit status which has a negative effect on the Plaintiff's credit score and will continue to affect his score for five years.

on 8/17/16 and 3/2/17, 4 years after his discharge and then again 5 years after his discharge by virtue of a quick scan of his credit report. **See Exhibit "B"**.

18. The Defendants have been misreporting discharged debt on Plaintiff's credit report in furtherance of their willful and nefarious intent to collect on a debt which is no longer owed with flagrant disregard of this Honorable Court's Discharge Order. **See Exhibit "C".**

19. Chase has a pattern and practice of erroneously listing or re-listing debts which were discharged in bankruptcy in order to collect on debts which are not owed as demonstrated by a class-action lawsuit which involved the same or strikingly similar issues. *see* **In Re: Haynes**, Case No. 11-23212, (Bank. Ct. SDNY, 2014) *See also* **Russell v. Chase Bank U.S.A., N.A.**, 378 B.R. 735 (Bankr. E.D.N.Y 2007).

20. As a result of Chase's numerous, willful and repeatedly false reports to the credit reporting agencies which both JP Morgan and Chase's blatant disregard for a bankruptcy order and flouting of the Bankruptcy Code, Plaintiff has been denied credit and paid significantly higher interest rates for his current credit**.**

21. The Plaintiffs aver that at all times relevant to the allegations herein:

    A. The Defendants have substantially frustrated the discharge order issued by this Honorable Court entered in this case and its conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

      B.  The Defendants knew and in fact had actual knowledge that the Plaintiffs debt to it was discharged in bankruptcy and that plaintiffs were therefore protected from any direct or indirect actions to collect the discharged debt whatsoever by virtue of the Discharge Injunction issued by this Honorable Court pursuant to Section 524 of Title 11 of the United States Code and notwithstanding such knowledge, willfully reported credit information intended to collect a debt.

22. The Plaintiff alleges that the violations of numerous violations of the Bankruptcy Code justify the award of substantial and significant punitive damages in this case.

23. As a result of Defendant's intentional, nefarious and malicious behavior which is employed by the Defendants as a pattern and practice to wit: knowingly reporting discharged debt to former debtors credit reports and actively seeking to collect the discharged debt by repeatedly and harassingly sending letters to debtor to illicit payments from unknowing debtors who feel compelled to pay an otherwise uncollectible debt.

24.  Debtor is also entitled to the recovery of actual damages, which include both pecuniary and non-pecuniary actual damages, including but not limited to, emotional distress, recovery of the difference between the higher interest rate on his credit cards over the span of 8 years, the $300 payments made to the defendant of the discharged debt, the denial of credit and any other financial losses sustained as both a direct and proximate cause of Defendants' willful and deceptive practices.

25. The Plaintiff would have good credit "but for" JP Morgan and Chases' willful and blatant violations of this Honorable Court's Discharge Order.

26. Plaintiff is therefore entitled to punitive damages, as well as actual and statutory damages, legal fees and expenses.

27. Defendants had an "affirmative duty to conduct a proper reinvestigation and to correct all erroneous consumer credit information" after receiving notice of the order of discharge entered on March 11, 2009. **Nelson v Chase Manhattan Mortgage Corp**., 282 F.3d 1057 (9th Cir. 2002) The Plaintiff alleges that the Defendant willfully, intentionally and without any just cause failed to comply with this duty.

28. The Plaintiff also alleges that the Defendant failed to cause the consumer credit reports of the Plaintiff to properly report the debt owed to Chase and/or its antecessor in interest, JP Morgan, had been "discharged in Bankruptcy"; should show "0" balance for a discharged debt; and yet due to Defendant Chase's scheme to willfully and blatantly disregard the discharge order of this Honorable Court and with total disregard for Federal law, Defendants affirmatively reported incorrectly on Plaintiff's credit report for a discharged debt in an effort to confuse, coerce and deceive Plaintiff to pay the discharged debt.

29. The Plaintiffs allege that the issuance of the discharge order by this Court and the receipt of the same by the defendants, constituted the initiation of a dispute pursuant to Section 1681i of Title 15 of the United States Code.

30. As a result of the Defendant's actions, the debtor has suffered anxiety and emotional distress, fear that he still owed the debt to Chase, fear that his credit is permanently damaged, legal fees, credit report fees, higher interest rates for credit cards**. See Exhibit "A"; Plaintiff's Affidavit of Merit.**

## FIRST CLAIM FOR RELIEF

### *(Violation of the Discharge Injunction)*

The allegations in paragraphs "1" through "30" of this complaint are re-alleged and incorporated herein by this reference.

35. Pursuant to 11 U.S.C. §524, a discharge order "operates as an injunction" against acts to collect on discharged debts.

36. The defendant's actions set forth hereinabove constitute willful violations of the discharge injunction.

37. The Plaintiff alleges that the conduct of the defendants in this case has substantially frustrated the discharge order entered in this case and has caused the plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

38. The plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court should award to Plaintiff actual damages, punitive damages and legal fees against the defendants pursuant to the provisions of Section 105 of the Code.

39. The Plaintiff alleges that by misreporting, the debt as an outstanding balance owed and not reporting the discharge properly to the consumer credit reporting agencies, the

defendants engaged in an affirmative act in violation of the discharge injunction of Section 524.

40. The Plaintiffs further allege that the only reasonable purpose for re-reporting the debt improperly was to collect the discharge debt.

41. The Plaintiffs further allege that in order to protect the debtors who have completed their Chapter 7 and secured a full discharge thereunder this Court should impose sanctions against the defendants for their misconduct in this case.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

A. That Defendants be ordered to correct Plaintiff's Credit Report with respect to all Credit Reporting Agencies to whom they provide report;

B. That Defendants be ordered forthwith to cease and desist any and all debt collection communication with Plaintiff regarding the discharged debt.

B. That the Plaintiff has and recovers against the Defendants a sum to be determined by the Court in the form of actual damages;

C. That the Plaintiff has and recovers against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff has and recovers against both Defendants all reasonable legal fees and expenses incurred by their attorney; and

E. That the Plaintiff be awarded such other, further and different relief as the Court may deem just and proper.

Dated:  June 20, 2018
        Woodbury, New York        /s/ Eckor Joseph_____
                                       Eckor Joseph ESQ
                                       Attorney for Debtor/Plaintiff
                                       20 Crossways Park Drive North, suite 210
                                       Woodbury, NY 11797
                                       (516) 663-0970

TO:    Marc A. Pergament, Trustee
        400 Garden City Plaza
        Suite 403
        Garden City, NY 11530

        US Trustee
        560 Federal Plaza
        Central Islip, NY 11722

        Chase Home Finance LLC, By Certified Mail
        270 Park Avenue
        New York, NY 10017
        **Attn:   James "Jamie" Dimon, Presdient, CEO and Chairman of the Board**

        JP Morgan Chase Bank, NA, By Certified Mail
        270 Park Avenue
        New York, NY 10017
        **Attn:   James "Jamie" Dimon, Presdient, CEO and Chairman of the Board**

        Chase Home Finance LLC, By Certified Mail
        451 Florida St., 3rd floor
        Baton Rouge, LA 70826
        **Attn:   James "Jamie" Dimon, Presdient, CEO and Chairman of the Board**

        JP Morgan Chase Bank, NA, By Certified Mail
        451 Florida St., 3rd floor
        Baton Rouge, LA 70826
        **Attn:   James "Jamie" Dimon, Presdient, CEO and Chairman of the Board**

        JP Morgan Chase Bank, NA, By Certified Mail
        3415 Vision Drive,
        Columbus, OH 43219

        Chase Home Finance LLC, By Certified Mail
        3415 Vision Drive,
        Columbus, OH 43219
        **Attn:   James "Jamie" Dimon, Presdient, CEO and Chairman of the Board**